# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
GEROLY GIL,

Plaintiff,

-against-

JOSEPH OFOSU-APPIAH, PRINCIPLE MERCHANTS LEASING, LTD., and MARRIOT INTERNATIONAL, INC.

Defendants.
--------------------------------------------------------------------------X

## SUMMONS

Index No. ____________________
Plaintiff designates
Queens County
as the place of trial
The basis of venue is
Plaintiffs Residence
9515 North Conduit Avenue
Queens, NY 11417
State of NEW YORK
County of Queens

To the above named Defendant

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of NEW YORK); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: **September 23, 2025**

***/s/ Salvador Tuy***
**BY: SALVADOR TUY, ESQ.**
**This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)**
**Attorney(s) for Plaintiff**
**Office and Post Office Address**
**305 Broadway, 7th Fl**
**NEW YORK, NY 10007**
**T: (212) 668- 8888**

Notice: The object of this action is to recover for personal injury due to defendant(s) negligence

The relief sought is Monetary Damages

Upon your failure to appear, judgment will be taken against you by default with interest from May 6, 2025 and the costs of this action.

**DEFENDANT'S ADDRESSES**

JOSEPH OFOSU-APPIAH

PRINCIPLE MERCHANTS LEASING, LTD
14 Central Park Dr
Hooksett, NH 03106

MARRIOT INTERNATIONAL, INC.
80 State Street
Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
GEROLY GIL,

Plaintiff,

VERIFIED COMPLAINT

-against-

Index #:_______________

JOSEPH OFOSU-APPIAH, PRINCIPLE MERCHANTS LEASING, LTD., and MARRIOT INTERNATIONAL, INC.

Defendants.
-------------------------------------------------------------------X

Plaintiff, complaining of the defendant by his attorney upon information and belief, respectfully allege(s):

1. That at all the times herein mentioned, the Plaintiff, GEROLY GIL was and still is a resident of the County of Queens, the State of NEW YORK.

2. That at all the times herein mentioned, the defendant JOSEPH OFOSU-APPIAH, was and still is a resident of the State of NEW JERSEY.

3. That at all times hereinafter alleged, and upon information and belief, Defendant JOSEPH OFOSU-APPIAH, was the titled owner of a motor vehicle bearing New Jersey state registration number OH2352.

4. That at all times hereinafter alleged, and upon information and belief, Defendant JOSEPH OFOSU-APPIAH, was the registered owner of a motor vehicle bearing New Jersey state registration number OH2352.

5. That at all times hereinafter mentioned, defendant, JOSEPH OFOSU-APPIAH, maintained the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

6. That at all times hereinafter mentioned, defendant, JOSEPH OFOSU-APPIAH, managed

the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

7. That at all times hereinafter mentioned, defendant, JOSEPH OFOSU-APPIAH, controlled the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

8. That at all times hereinafter mentioned, defendant, JOSEPH OFOSU-APPIAH, operated the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

9. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, operated motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant PRINCIPLE MERCHANTS LEASING, LTD..

10. That at all times hereinafter mentioned, defendant JOSEPH OFOSU-APPIAH, operated the aforesaid motor vehicle bearing New Jersey state registration number OH2352 within the scope of his employment of Defendant, PRINCIPLE MERCHANTS LEASING, LTD..

11. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, maintained motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant PRINCIPLE MERCHANTS LEASING, LTD..

12. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, managed motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant PRINCIPLE MERCHANTS LEASING, LTD..

13. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, controlled motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant PRINCIPLE MERCHANTS LEASING,

LTD..

14. That at all times hereinafter alleged, and upon information and belief, Defendant PRINCIPLE MERCHANTS LEASING, LTD., was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

15. That at all times hereinafter alleged, and upon information and belief, Defendant PRINCIPLE MERCHANTS LEASING, LTD., was and still is a domestic business corporation organized and existing under and by virtue of the laws of New York.

16. That at all times hereinafter alleged, and upon information and belief, Defendant PRINCIPLE MERCHANTS LEASING, LTD., was and still is a domestic limited liability company organized and existing under and by virtue of the laws of New York.

17. That at all times hereinafter alleged, and upon information and belief, Defendant PRINCIPLE MERCHANTS LEASING, LTD., conducted and carried on business in the County of New York, State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, PRINCIPLE MERCHANTS LEASING, LTD., transacted business within the County of New York, State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, PRINCIPLE MERCHANTS LEASING, LTD., derived substantial revenue from interstate or international commerce.

20. That at all times mentioned, defendant, PRINCIPLE MERCHANTS LEASING, LTD., was the owner of a motor vehicle bearing New Jersey state registration number OH2352.

21. That at all times hereinafter alleged, and upon information and belief, Defendant PRINCIPLE MERCHANTS LEASING, LTD., was the titled owner of a motor vehicle bearing

New Jersey state registration number OH2352.

22. That at all times hereinafter alleged, and upon information and belief, Defendant PRINCIPLE MERCHANTS LEASING, LTD., was the registered owner of a motor vehicle bearing New Jersey state registration number OH2352.

23. That at all times hereinafter mentioned, defendant, PRINCIPLE MERCHANTS LEASING, LTD., maintained the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

24. That at all times hereinafter mentioned, defendant, PRINCIPLE MERCHANTS LEASING, LTD., managed the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

25. That at all times hereinafter mentioned, defendant, PRINCIPLE MERCHANTS LEASING, LTD., controlled the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

26. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, operated motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant MARRIOT INTERNATIONAL, INC.

27. That at all times hereinafter mentioned, defendant JOSEPH OFOSU-APPIAH, operated the aforesaid motor vehicle bearing New Jersey state registration number OH2352 within the scope of his employment of Defendant, MARRIOT INTERNATIONAL, INC.

28. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, maintained motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant MARRIOT INTERNATIONAL, INC.

29. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, managed motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant MARRIOT INTERNATIONAL, INC.

30. That at all times hereinafter alleged, and upon information and belief, Defendant, JOSEPH OFOSU-APPIAH, controlled motor vehicle bearing New Jersey state registration number OH2352 with the knowledge, permission and consent of defendant MARRIOT INTERNATIONAL, INC.

31. That at all times hereinafter alleged, and upon information and belief, Defendant MARRIOT INTERNATIONAL, INC., was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

32. That at all times hereinafter alleged, and upon information and belief, Defendant MARRIOT INTERNATIONAL, INC., was and still is a domestic business corporation organized and existing under and by virtue of the laws of New York.

33. That at all times hereinafter alleged, and upon information and belief, Defendant MARRIOT INTERNATIONAL, INC., was and still is a domestic limited liability company organized and existing under and by virtue of the laws of New York.

34. That at all times hereinafter alleged, and upon information and belief, Defendant MARRIOT INTERNATIONAL, INC., conducted and carried on business in the County of New York, State of New York.

35. That at all the times hereinafter alleged, and upon information and belief, the defendant, MARRIOT INTERNATIONAL, INC., transacted business within the County of New York, State of New York.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, MARRIOT INTERNATIONAL, INC., derived substantial revenue from interstate or international

commerce.

37. That at all times mentioned, defendant, MARRIOT INTERNATIONAL, INC., was the owner of a motor vehicle bearing New Jersey state registration number OH2352.

38. That at all times hereinafter alleged, and upon information and belief, Defendant MARRIOT INTERNATIONAL, INC., was the titled owner of a motor vehicle bearing New Jersey state registration number OH2352.

39. That at all times hereinafter alleged, and upon information and belief, Defendant MARRIOT INTERNATIONAL, INC., was the registered owner of a motor vehicle bearing New Jersey state registration number OH2352.

40. That at all times hereinafter mentioned, defendant, MARRIOT INTERNATIONAL, INC., maintained the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

41. That at all times hereinafter mentioned, defendant, MARRIOT INTERNATIONAL, INC., managed the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

42. That at all times hereinafter mentioned, defendant, MARRIOT INTERNATIONAL, INC., controlled the aforesaid motor vehicle bearing New Jersey state registration number OH2352.

43. That at all times hereinafter alleged, and upon information and belief, Plaintiff GEROLY GIL, operated a motor vehicle bearing New York state registration number T722733C.

44. At all times hereinafter mentioned, Newark Liberty Airport at or near its intersection with Hotel Road in the County of Essex and Union, State of NEW JERSEY, was and still is a public roadway/highway used extensively by the public general.

45. That on or about May 6, 2025, at the aforesaid location, the motor vehicle bearing New Jersey state registration number OH2352 came in contact with a motor vehicle bearing New York state registration number T722733C.

46. That on or about May 6, 2025, at the aforesaid location, the motor vehicle bearing New Jersey state registration number OH2352 came in contact with a motor vehicle bearing New York state registration number T722733C, in which Plaintiff was legally seated.

47. That the aforesaid accident and injuries resulting were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle without this plaintiff in any way contributing thereto.

48. That by reason of the foregoing and the negligence of the defendant, the Plaintiff, GEROLY GIL was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

49. That by reason of the foregoing, the Plaintiff GEROLY GIL was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and medical treatment which has not been reimbursed. Upon information and belief, the Plaintiff will necessarily incur similar expenses.

50. That by reason of the foregoing, the Plaintiff GEROLY GIL has been unable to attend to his usual occupation in the manner required.

51. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, GEROLY GIL sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of NEW YORK, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of said Insurance Law.

52. That one or more of the exceptions of paragraph 1602 of the Civil Practice Law and Rules applies to the within action.

53. That as a result of the foregoing, the Plaintiff, GEROLY GIL sustained damages in an

amount that exceeds the jurisdictional limits of the lower courts.

**WHEREFORE**, the plaintiff demands judgment both compensatory and exemplary against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of each cause of action.

Dated: New York, NY
September 23, 2025

Yours, etc.

PRADO & TUY, LLP
***/s/ Salvador Tuy***
By: Salvador Tuy, Esq.
Attorney(s) for Plaintiff
GEROLY GIL
305 Broadway, 7th Fl
NEW YORK, NY 10007
T: 212- 668- 8888

**ATTORNEY'S VERIFICATION**

Salvador Tuy, an attorney duly admitted to practice before the Courts of the State of NEW YORK, affirms the following to be true under the penalties of perjury:

I am an attorney at PRADO & TUY, attorneys of record for Plaintiffs, GEROLY GIL. I have read the annexed

**COMPLAINT**

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiffs is that Plaintiffs are not presently in the county wherein the attorneys for the plaintiffs maintain their offices.

NEW YORK, NEW YORK
September 23, 2025

***/s/ Salvador Tuy***
Salvador Tuy

*Index No.*
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
GEROLY GIL,

Plaintiff,

-against-

JOSEPH OFOSU-APPIAH, PRINCIPLE MERCHANTS LEASING, LTD., and MARRIOT INTERNATIONAL, INC.

Defendants,
--------------------------------------------------------------------------X

# SUMMONS and COMPLAINT

**PRADO & TUY, LLP**
***Attorneys for Plaintiff***
GEROLY GIL
**305 Broadway, 7th Fl**
**NEW YORK, NY 10007**
**T: 212- 668- 8888**
**pradotuy@gmail.com**

*Attorney(s) for*

*Service of a copy of the within* *is hereby admitted*
*Dated,*

.......................................................
*Attorney(s) for*